UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re RHODA RACHELLE NAVARRO, | § § § § | |
| *Debtor*, | § § | |
| RHODA RACHELLE NAVARRO | § § | Civil Action No.  SA-15-CV-821-XR |
| *Appellant*, | § § | Bk. Adv. No. 15-5009-cag |
| v. | § § | |
| FIFTH THIRD BANK, | § § § | |
| *Appellee*. | § | |

## ORDER

On this date, the Court considered the status of this case.  For the reasons stated below, the appeal by Rhoda Rachelle Navarro is dismissed pursuant to Rule 8003 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

On August 27, 2015, Appellant/Debtor Rhoda Rachelle Navarro filed a notice of appeal from the bankruptcy court's August 17, 2015, Order Granting Defendant's Motion for Summary Judgment.  Bankruptcy Docket no. 15.  On September 16, 2015, the appeal was docketed in this Court, as well as the Transmission of Record on Appeal indicating that no designation of the record on appeal had been filed.  Docket no. 1.  Also on September 16, the Clerk of this Court issued a scheduling order to the parties, indicating that, "[u]nless the district court by order in a particular case directs otherwise, the filing of briefs on appeal shall be in accordance with Rule 8018 of the Federal Rules of Bankruptcy Procedure."  Docket no. 2; *see* Fed. R. Bankr. P. 8018(a).  No other scheduling order has been issued by this Court, and thus

appellant's brief was due within thirty days after entry of the appeal on the docket pursuant to Rule 8018.  Navarro's brief was therefore due on October 16, 2015.  Almost two months after the deadline, no brief has been filed.  Additionally, no statement of issues has been filed and no designation of the record on appeal has been filed, essentially three months after such items were due.

On October 27, 2015, the Court issued a Show Cause Order to Navarro.  Docket no. 3.  The Order instructed Navarro that her failure to designate the record, file a statement of issues, and file an appellate brief gave the Court discretion to dismiss this appeal.  *Id.* at 2.  Navarro was given two weeks to file a response to the Order.  *Id.*  However, over a month later, no response has been filed.  There has been no activity in this case since the appeal was docketed on September 16, 2015.

## ANALYSIS

Rule 8009 of the Federal Bankruptcy Rules states that within fourteen days of the notice of appeal, the appellant shall file with the clerk and serve on the appellee a designation of items to be included in the record on appeal and statement of the issues to be presented. Fed. R. Bankr. P. 8009(a)(1).  Furthermore, Rule 8018 mandates that "the appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically."  Fed. R. Bankr. P. 8018(a)(1).  As noted, appellant has failed to designate any items to be included in the record on appeal, file a statement of issues, or file her brief, months after the deadlines have passed and after being warned of the consequences of continued failure to prosecute this appeal.

The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if she has failed to provide the appellate court with the requisite record

excerpts. *In re CPDC, Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). Likewise, the purpose of the statement of issues is "principally to identify the portions of the testimony below that should be included in the record on appeal." *Id.* Rule 8003 states that an appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court deems appropriate, which may include dismissal of the appeal. Fed. R. Bankr. P. 8003(a)(2).

A district court may exercise its discretion to dismiss an appeal under appropriate circumstances. *In re CPDC*, 221 F.3d 693, 699 (5th Cir. 2000). The Fifth Circuit has routinely held that a district court may dismiss an appeal if the appellant has failed to take steps to prosecute the appeal. *See, e.g.*, *In re Kollinger*, 551 F. App'x 104, 109 (5th Cir. 2013); *Matter of M.A. Baheth Const. Co., Inc.*, 118 F.3d 1082, 1085 (5th Cir. 1997); *Matter of Braniff Airways, Inc.*, 774 F.2d 1303, 1304–05 (5th Cir. 1985); *Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743 (5th Cir. 1976). For example, in *Kollinger*, an appellant timely designated items to be included in the record on appeal. *Kollinger*, 551 F. App'x at 105. However, due to oversight by counsel, the appellant's brief was filed months late. *Id.* at 106. The Fifth Circuit held that the district court did not abuse its discretion in dismissing the appeal as a result of the late brief. *Id.*

In this case, Navarro has taken even less steps to prosecute this appeal than the appellant in *Kollinger*. Whereas the appellant in *Kollinger* had filed all required documents but simply missed a deadline, here, Navarro has filed none of the documents mandated by the Federal Rules of Bankruptcy Procedure. Because Navarro has failed to take any action to prosecute her appeal—despite being warned—months after the relevant deadlines have passed, the appeal will be dismissed.

## CONCLUSION

The appeal of Rhoda Rachelle Navarro is DISMISSED pursuant to Rule 8003 of the Federal Rules of Bankruptcy Procedure. Accordingly, the Clerk's office is directed to CLOSE this case.

It is so ORDERED.

SIGNED this 11th day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE